CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

October 2, 2013

LETTER TO COUNSEL:

      RE:   *Deneane Robin Carter v. Commissioner, Social Security Administration*;
              Civil No. SAG-13-709

Dear Counsel:

      On March 7, 2013, the Plaintiff, Deneane Robin Carter, petitioned this Court to review the Social Security Administration's final decision to deny her claims for Supplemental Security Income and Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 17, 19). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

      Ms. Carter filed her claims for benefits on September 21, 2009, alleging disability beginning May 30, 2009. (Tr. 159-67). Her claims were denied initially on May 4, 2010, and on reconsideration on September 30, 2010. (Tr. 87-94, 100-03). A hearing was held on September 22, 2011, before an Administrative Law Judge ("ALJ"). (Tr. 44-82). Following the hearing, on October 24, 2011, the ALJ determined that Ms. Carter was not disabled during the relevant time frame. (Tr. 25-43). The Appeals Council denied Ms. Carter's request for review (Tr. 8-12), so the ALJ's decision constitutes the final, reviewable decision of the agency.

      The ALJ found that Ms. Carter suffered from the severe impairments of depression and personality disorder. (Tr. 30). Despite these impairments, the ALJ determined that Ms. Carter retained the residual functional capacity ("RFC") to:

> [P]erform a full range of work at all exertional levels but with the following nonexertional limitations: simple, routine and repetitive tasks, in a low stress work environment defined as no strict production quotas. She can occasionally and superficially interact with the public, co-workers and supervisors.

(Tr. 32). The ALJ determined that Ms. Carter was not disabled because she was able to perform her past relevant work as a housekeeper. (Tr. 37). Alternatively, the ALJ considered testimony from a vocational expert ("VE"), and determined that Ms. Carter was capable of performing other jobs existing in significant numbers in the national economy. (Tr. 37-38).

Ms. Carter presents three primary arguments on appeal: (1) that the ALJ lacked a foundation for her mental RFC; (2) that the ALJ had insufficient support for her hypothetical to the VE, and (3) that the ALJ's analysis of her past relevant work as a housekeeper was inadequate. Each argument lacks merit.

Initially, Ms. Carter posits that the ALJ lacked a foundation for the mental RFC in any medical opinions of record. Pl. Mot. 8-10. She correctly notes that the state agency physicians premised their opinions solely on the consultative examination performed by Dr. Taller, and not on any treatment records. Pl. Mot. 8. Moreover, she correctly suggests that Dr. Taller did not provide a formal medical opinion. *Id.* First, I note that Ms. Carter's implication that the state agency physicians were somehow negligent in their review lacks merit. *See, e.g.,* Pl. Mot. 3 (referring to the "supposition that Johns Hopkins had no records"); Pl. Mot. 4 (suggesting that "a certain Dr. Lessen [sic] in April 2010 purported that 'Johns Hopkins stated they have no psych records'"). In fact, when presented with a proper request for records, Johns Hopkins in fact informed the state agency that it had no records of psychiatric treatment of Ms. Carter. (Tr. 255-58). The state agency physicians, therefore, were entirely justified in assuming that no treatment records existed, and in using Dr. Taller's consultative evaluation as the basis of their claim. Although Dr. Taller did not fill out any opinion forms, he provided a detailed report documenting his findings from his in-person examination of Ms. Carter. (Tr. 259-62). Contrary to Ms. Carter's contention, the failure to include an opinion about her ability to work did not render Dr. Taller's report invalid. *See* 20 C.F.R. § 404.1519n(c)(6) (2013) ("Although we will ordinarily request, as part of the consultative examination process, a medical source statement about what you can still do despite your impairment(s), the absence of such a statement in a consultative examination report will not make the report incomplete."). The state agency physicians therefore were entitled to rely on Dr. Taller's report in reaching their conclusions, particularly in the absence of other medical evidence.

After Ms. Carter's case was denied on reconsideration, but before the ALJ hearing in the case, Ms. Carter's counsel procured and submitted her psychiatric treatment records from Johns Hopkins. (Tr. 291-406). The ALJ's opinion, therefore, did not only rely on the opinions of the state agency physicians, but also on the consultative examination report from Dr. Taller (Tr. 34, 36), and, most importantly, on the treatment records from Johns Hopkins. (Tr. 33-36). The ALJ cited the conservative management of Ms. Carter's condition, the records from July 30, 2009 indicating that she suffered only moderate symptoms, the records from April, 2010 noting medicinal compliance and reports from her fiancé that her symptoms had improved, the GAF score assigned at discharge from the hospital in May, 2010, again showing only mild to moderate symptoms, and the treatment notes from August, 2011 indicating intent to pursue employment and a GAF score showing only transient symptoms and slight impairment in functioning. (Tr. 33-34). The ALJ also cited to Ms. Carter's graduation from a medical assistant training program at Tesst College in 2009. (Tr. 36).

Although the record is unclear whether or not the state agency physicians considered a September 17, 2009 opinion from one of Ms. Carter's treating physicians, Dr. Mack, it is clear

that the ALJ thoroughly considered that opinion and assigned it "modest weight." (Tr. 36). The ALJ noted that Dr. Mack's medical opinion was internally inconsistent, because it assigned a GAF score indicating only moderate symptoms while precluding all work. *Id.* Moreover, the ALJ opined that Ms. Carter's activities of daily living, including her college graduation and her ability to plan a wedding, demonstrate functional capacities exceeding those described by Dr. Mack. *Id.*

In sum, the ALJ's mental RFC analysis comported with the requirements of the law. An ALJ need not parrot a single medical opinion, or even assign "great weight" to any opinions, in determining an RFC. Instead, an ALJ is required to consider "all of the relevant medical and other evidence." *See* 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3); *see also Felton–Miller v. Astrue*, 459 F.App'x 226, 230-31 (4th Cir. 2011) (determining that an ALJ need not obtain an expert medical opinion as to an RFC, but should base an RFC on all available evidence). Here, the ALJ properly determined Ms. Carter's RFC by considering all of the evidence pertaining to her mental capacity, and explaining what evidence the ALJ accepted and what evidence he rejected. The fact that the ALJ did not simply accept the evidence least favorable to disability further demonstrates the care with which the ALJ assessed the evidence in arriving at an ultimate determination. *See, e.g.,* (Tr. 36) (assigning only "moderate weight" to the August, 2011 GAF score of 80 "as the corresponding treatment notes indicate evidence of claimant's continued bereavement"). Although there is also some evidence in the record that could support a finding of disability, this Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Under that standard, the RFC determination must be affirmed.

Second, Ms. Carter contends that the ALJ lacked support for his hypothetical question to the VE. Pl. Mot. 10-11. Because the hypothetical matched exactly the RFC determined by the ALJ, *compare* (Tr. 32) *with* (Tr. 73-74), this argument essentially reiterates the prior argument.[1] As addressed above, the ALJ cited to substantial evidence of record to support the RFC, and, accordingly, the hypothetical presented to the VE. Remand is therefore unwarranted.

Finally, Ms. Carter argues that the ALJ's analysis of her past relevant work as a housekeeper was inadequate. Pl. Mot. 11. Specifically, she contends that she performed the job for an insufficient time frame to qualify as past relevant work. *Id.* I agree that the ALJ failed to address, and the evidence does not appear to support, the finding that Ms. Carter worked as a housekeeper "for a sufficient length of time to learn and provide average performance, and at the level of substantial gainful activity." (Tr. 37). Nevertheless, the error is harmless. The VE testified, using the ALJ's RFC, that Ms. Carter would be capable of work as a housekeeper, along with other positions. (Tr. 73-75). In light of the alternative findings regarding past relevant work and the jobs listed in the VE's response to the hypothetical question, the error in

---

[1] Ms. Carter also objects to the terms used in the RFC and hypothetical, including "simple work" and "strict production quotas," arguing that the terms defy ready definition in the vocational context. Pl. Mot. 11. However, the VE answered the hypothetical question without hesitation, indicating that he understood the meaning of the phrases the ALJ used. (Tr. 73-74).

*Deneane Robin Carter v. Commissioner, Social Security Administration*
Civil No. SAG-13-709
October 2, 2013
Page 4

the past relevant work analysis does not mandate remand.

    For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 17) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 19) will be GRANTED. The Clerk is directed to CLOSE this case.

    Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                                            Sincerely yours,

                                            /s/

                                            Stephanie A. Gallagher
                                            United States Magistrate Judge